**YURMAN DESIGN, INC., and Yurman Studios, Inc., Plaintiffs,**

v.

**GOLDEN TREASURE IMPORTS, INC., et al., Defendants.**

No. 00 CIV. 0202 JGK.

United States District Court, S.D. New York.

Oct. 20, 2003.

Maxim H. Waldbaum, Emily M. Spectre, Salans, Hertzfeld, Heilbronn, Christy & Viener, New York City, for plaintiffs.

Jonathan L. Rosner, Marianne Fusto Murray, Rosner & Murray, New York City, for defendants.

### OPINION and ORDER

KOELTL, District Judge.

The defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56 on the plaintiffs' claims for copyright infringement and trade dress infringement. By Opinion and Order, the Court denied the defendants' motion for summary judgment. *Yurman Design, Inc. v. Golden Treasure Imports, Inc.,* 275 F.Supp.2d 506 (S.D.N.Y.2003). The defendants now move for reconsideration of that Opinion and Order.

A motion for reconsideration is governed by Local Civil Rule 6.3. In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3, the Court applies the same standards as those governing former Local Civil Rule 3(j). *See United States v. Letscher,* 83 F.Supp.2d 367, 382 (S.D.N.Y.1999) (collecting cases). The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *See Walsh v. McGee,* 918 F.Supp. 107, 110 (S.D.N.Y.1996); *In re Houbigant,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996). This rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Walsh,* 918 F.Supp. at 110; *see also United States v. Mason Tenders Dist. Council of Greater New York,* 909 F.Supp. 882, 889 (S.D.N.Y.1995).

Here the defendants move for reconsideration, but they have failed to show that the Court overlooked any controlling law or facts. Rather, the defendants have attempted to repeat the arguments already rejected by the Court. The motion for reconsideration is denied.

**SO ORDERED.**